# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VIRGIE L. GRANT-BROOKS**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-cv-1654 (TSC) |
| ) | |
| **STEVEN T. MNUCHIN,** *Secretary, U.S.* ) | |
| *Department of Treasury*, *et al*., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Virgie Grant-Brooks, who is African American, sued the U.S. Treasury

Department's Office of the Comptroller of the Currency (OCC) and Stephen A. Lybarger, OCC

Deputy Comptroller of Licensing, alleging that the OCC discriminated against her based on her

race, in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, by treating her less favorably than

persons outside her protected class with respect to pay, promotion, training, discipline, and

termination.  Compl. at 1, 3, 9.  She also brought retaliation and hostile work environment

claims.  Compl. at 8–9.  On March 31, 2022 the court granted the OCC's motion for summary

judgment.  *Grant-Brooks v. Mnuchin*, No. 19-CV-1654 (TSC), 2022 WL 990702 (D.D.C. Mar.

31, 2022).  Plaintiff now moves for reconsideration of this court's ruling.  ECF Nos. 24, 30.  For

the reasons set forth below, the court will DENY the motion.

## I.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 59(e), a district court may alter or amend judgment if it finds "that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citations omitted).  Whether to grant a motion to amend is "committed to the discretion of the trial court."  *Indep. Petroleum Ass'n of Am. v. Babbitt*, 178 F.R.D. 323, 324 (D.D.C. 1998) (citing *Firestone*, 76 F.3d at 1208).  The movant bears the burden of establishing "extraordinary circumstances" warranting relief from a final judgment.  *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001).

## II.  ANALYSIS

### A.  Crediting the OCC's Statement of Undisputed Facts

Plaintiff first argues that the court improperly credited the OCC's Statement of Undisputed Facts (SOF).  ECF No. 24, Mot. to Reconsider at 2.  This argument is without merit.

Before Plaintiff filed her opposition to the OCC's motion for summary judgment, the court warned her of the consequences of failing to respond to the OCC's SOF.  ECF Nos. 13, 18.  The court also warned Plaintiff that she must support her factual allegations with citations to the record.  ECF No. 13, 18.  Plaintiff failed to respond to the OCC's SOF in her original opposition brief, ECF No. 14, and again in her supplemental opposition, in which she simply reiterated an evidentiary challenge, ECF No. 20 at 4.  Consequently, the court properly treated the OCC's SOF as conceded, except to the extent her briefs contained relevant citations to the record.  *See* Local Civil Rule 7(h)(1) ("In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted,

unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."); *Grant-Brooks*, 2022 WL 990702, at *1 n.2.

Here, Plaintiff challenges the court's purported reliance, in its Memorandum Opinion, on the OCC's factual statement regarding description of training it provided to Plaintiff.  Mot. to Reconsider at 2, 5–6.  But the issue of training did not factor into the court's decision, which was based on the fact that Plaintiff had not exhausted her remedies.  *Grant-Brooks*, 2022 WL 990702, at *4–6.  Accordingly, her arguments on that issue are unavailing.

B.  Treating the Two Grievances as One Matter

Plaintiff next argues that the court erred by treating her two grievances as "one matter." Mot. to Reconsider at 3.  This argument is also without merit.

Plaintiff filed a "step-one" grievance on January 15, 2013 challenging her 2012 performance evaluation and raising discrimination claims.  *Grant-Brooks*, 2022 WL 990702, at *2, 5.  The court discussed this grievance in its Memorandum Opinion, finding that Plaintiff failed to pursue the discrimination claims once the grievance proceeded to arbitration.  *Id.* at *5– 6.  Indeed, although the Opinion did not specifically mention it, the record establishes that Plaintiff did not even pursue her discrimination claims during the "step-two" grievance over the performance evaluation.  ECF No. 19, Sterbenz, Decl. ¶ 7; Defs. Ex. 19.

On October 17, 2013, Plaintiff filed a second grievance, this time challenging her removal from her position.  *Grant-Brooks*, 2022 WL 990702, at *2.  In its Opinion, the court separately addressed the second grievance, noting that Plaintiff had admitted to the Merit Systems Protection Board that she had not raised discrimination claims during the second grievance.  *Id.* at *3, 5.

Later, during the arbitration hearing on *both grievances*, the parties stipulated to only two issues: whether the OCC 1) sufficiently communicated the minimum level of performance required to avoid removal, and 2) provided Plaintiff with a reasonable opportunity to improve her performance.  *Id*. at *3.  Plaintiff also argued during the hearing that the OCC did not provide her with sufficient training to perform her job duties, but she did not raise any discrimination claims.  *Id*.  Accordingly, the court found that Plaintiff failed to pursue her administrative remedies on the discrimination claims through the grievance and arbitration processes.  *Id*. at *4–6.  Both the hearing transcript and the record supported this finding and Plaintiff has not pointed to anything in the record indicating otherwise.

C.  Plaintiff's Evidentiary Objection

In her opposition to the OCC's motion for summary judgment, Plaintiff raised an evidentiary objection to the OCC's SOF.  *Grant-Brooks*, 2022 WL 990702, at *6.  She asked the court to strike the declaration of Christopher Sterbenz, counsel to the OCC and the official whose testimony supported the agency's SOF, contending that the declaration was not based on personal knowledge, was incomplete, and was unsupported by facts because Sterbenz did not have first-hand knowledge of her "15-year work or performance with the U.S. Department of Treasury," and did not participate in the arbitration hearing.  *Id*.

The court rejected this argument, finding that Sterbenz's declaration was supported by the OCC records, all of which were attached as exhibits to the agency's brief.  *Id*. at *7.  Moreover, the court noted that once a defendant presents evidence that a plaintiff failed to exhaust her claims, such as through "a declaration by a person with personal knowledge that the relevant files do not contain records of a grievance or complaint, vague assertions without

supporting details that the plaintiff exhausted a claim will not create genuine issue of fact." *Id.*
(quoting *Davis v. Yellen*, No. 08-CV-447 (KBJ), 2021 WL 2566763, at *22 (D.D.C. June 22,
2021)).  Plaintiff raises this issue again and now argues that the court should have held an
evidentiary hearing.  Mot. to Reconsider at 2–3.

It is "well established" in this Circuit that Rule 59(e) motions may not be used to
"reargue facts and theories upon which a court has already ruled." *Estate of Gaither ex rel.
Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 & n.4 (D.D.C. 2011) (citing *Exxon
Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) ("Rule 59(e). . . may not be used to
relitigate old matters. . . .")).  Plaintiff's argument fares no better on the second try, and there is
no legal authority requiring an evidentiary hearing on her motion, nor did the court see the need
for a hearing based on the record before it.

Plaintiff also appears to raise a new argument: that genuine issues of fact existed
notwithstanding Sterbenz's declaration.  ECF No. 30, Pls. Reply at 2–3.  As an initial matter, a
Rule 59(e) motion is not a vehicle through which to raise new arguments that could have been
raised in the initial briefing. *See Morrissey v. Mayorkas*, 17 F.4th 1150, 1161 (D.C. Cir. 2021).

But even if Plaintiff had previously raised this argument, it would have still failed.
Plaintiff presented no evidence which might have contradicted the declaration as it relates to any
*material* facts.  Her complaint that Sterbenz did not have personal knowledge about her job
performance and work history, Pls. Reply at 3–4, is irrelevant to the issues before this court.

Plaintiff also challenges, for the first time, Sterbenz's testimony about the collective
bargaining agreement. *Id.* at 3.  But the OCC produced documentary evidence that supported
Sterbenz's testimony and Plaintiff offered no *evidence* (rather than arguments) in rebuttal.

D.  Alleged Misinterpretation of the Complaint and Exhaustion of Remedies

Plaintiff argues that the court misinterpreted her Complaint, "that deals explicitly with the discrimination claims," and argues that Title VII allows federal employees the right to trial *de novo* on an employment discrimination claim, "not merely judicial review of administrative records."  Mot. to Reconsider at 3-4; Pls. Reply at 1.  Relying solely on provisions of Title VII, she contends that the only prerequisite to pursuing her claims in federal court is exhaustion of the EEOC process.  Mot. to Reconsider at 4; Pls. Reply at 2.  These exhaustion arguments are also unavailing.

As an employee covered by the Civil Service Reform Act (CSRA) and a collective bargaining agreement, Plaintiff cannot rely solely on the Title VII and EEOC administrative procedures and guidelines.  As this court explained in its Memorandum Opinion, Plaintiff cannot separate her discrimination claims from her collective bargaining agreement claims when both involve the same "matter."  *Grant-Brooks*, 2022 WL 990702, at *5–6 ("The D.C. Circuit has explained that whether a union grievance and an EEO complaint concern the same 'matter' under § 7121(d) does not depend upon 'the legal status of the act complained of' or upon 'legal jargon.'") (citing *Guerra v. Cuomo*, 176 F.3d 547, 550 (D.C. Cir. 1999)).

Because Plaintiff's collective bargaining agreement and discrimination claims involve the same matter, neither the agreement nor the CSRA allow her to proceed with the discrimination claims independently.  *Grant-Brooks*, 2022 WL 990702, at *5; *see* 5 U.S.C. § 7121(d).  Both the agreement and the CSRA require that a plaintiff raising discrimination claims elect whether to pursue them through the grievance process or through the employer's EEO process; the employee cannot choose to utilize both.  *Id*. at *1, 4–5.  Although Plaintiff raised

discrimination claims during her first grievance, she abandoned them during the step-two grievance process and she never raised such claims in her second grievance. *Id*. at *2, 5. Subsequently, she never raised discrimination claims during the arbitration that resolved both grievances. *Id.* at *5. Thus, she failed to exhaust her administrative remedies and her attempt to pursue those claims independently through the EEO administrative process does not rectify that failure. *See Carter v. Carson*, 241 F. Supp. 3d 191, 198 (D.D.C. 2017), *aff'd*, 715 F. App'x 16 (D.C. Cir. 2018) (rejecting argument that plaintiff who failed to exhaust her discrimination claims during the grievance process could still bring those claims simply because she exhausted them through the EEO process).

### E. OCC Hearing Transcript Excerpts

Plaintiff again challenges the OCC's proffer of excerpts from the arbitration hearing transcript that did not include her counsel's opening statements. Mot. to Reconsider at 4–5. This court reviewed the omitted portions of the transcript and rejected her argument. *Grant-Brooks*, 2022 WL 990702, at *6. The court once again finds that Plaintiff has not established that she is entitled to relief.

### F. Claims against Stephen A. Lybarger

Upon motion, the court dismissed Plaintiff's claims against Stephen Lybarger, OCC Deputy Comptroller of Licensing, because there was no evidence that Plaintiff effectuated service on him and, more importantly, the only proper defendant in a Title VII case against a federal entity is the agency itself. *Id*., at *1, 4; *see Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995) (affirming District Court's dismissal of claims against supervisor named as a Title VII

defendant). Plaintiff now challenges Lybarger's dismissal, claiming that she did serve him. Mot. to Reconsider at 5.

Plaintiff's proof of service consists of a mailing receipt, which does not establish that Lybarger received a copy of the Complaint and Summons. *See* Mot. to Reconsider at Ex. 2. But even if Plaintiff had served Lybarger, as the court noted in its Opinion, her Title VII claims are not actionable against Lybarger in his individual capacity, and Plaintiff did not allege any state law claims against him.

G. Leave to Amend the Complaint

Plaintiff asks the court to allow her to amend her complaint to, it appears, add false light and emotional distress claims pursuant to the Federal Tort Claims Act (FTCA). Mot. to Reconsider at 5–6; Pls Reply at 5–6. She also appears to contend that such claims would otherwise be barred by the statute of limitations. Pls Reply at 6.

The court will deny Plaintiff leave to amend the Complaint. Plaintiff has not presented any *facts* that might suggest potential liability for such claims. *See* Mot. to Reconsider at 5–6 ("By intentionally disseminating or allowing to be disseminated allegations about Plaintiff to individuals with no reason to know of the truth of such statements, Mr. Lybarger placed Plaintiff in a false light, for which Mr. Lybarager is liable for damages. . . . Lybarger's failure to act proximately has caused substantial loss, suffering, humiliation, emotional distress and other damages to the Plaintiff in the past and in the future."); Pls Reply at 5–6 ("The amended complaint will provide details that describe misrepresentations by the management of the Licensing Department throughout the six-month period after Plaintiff filed the grievance in January 2013, including denial of training and misrepresentations of Plaintiff's work

performance.")  Moreover, Plaintiff's request to amend does not comply with Local Civil Rule 7(i), which requires that "[a] motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended."

Even if Plaintiff had complied with Local Rule 7(i) and asserted facts supporting her claims, she has not provided evidence that she meets the perquisites for pursuing claims under the FTCA: filing a claim with the agency within two years of accrual, and then filing a lawsuit in federal court within six months of the agency's denial of her claim.  28 U.S.C. §§ 2675(a), 2401(b).  Therefore, the court will deny Plaintiff's request to amend her Complaint.

## III.   CONCLUSION

For the reasons set forth above, the court will DENY Plaintiff's motion to reconsider and amend her complaint.

Date:  July 16, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge